

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 04, 2025.**

_____
CRAIG A. GARGOTTA
CHIEF UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| STEVEN ANTHONY GOFORTH, | § § § § | Bankruptcy No. 25-50357-cag |
| Debtor. | § | Chapter 7 |

### ORDER REGARDING DEBTOR'S AMENDED MOTION TO REDEEM (ECF NO. 27)

Came on to be considered *pro se* Debtor's Amended Motion to Redeem Property and Notice of Objection Deadline (ECF No. 27) ("Amended Motion") and Santander Bank, N.A. as Servicer for Santander Consumer USA, Inc. ("Santander") Amended Response ("Amended Response").[1] The Court held a telephonic hearing on the Amended Motion on July 14, 2025. For the reasons stated herein, the Motion is **GRANTED,** and the vehicle may be redeemed for a value of $3,163.00 by September 5, 2025.

---

[1] "ECF" denotes electronic filing docket number. Debtor has filed subsequent pleadings seeking additional relief as it relates the Amended Motion: "Ex Parte Motion for ADA Accommodations" (ECF No. 32) (subsequently mooted at ECF No. 34); Amended Schedules (ECF No. 33); "Motion for Order Granting Redemption of 2017 Chevrolet Equinox LT, Approval of Amended Schedules A/B, C and D; Confirmation of Exemptions Under Texas Law; Waiver of June 9, 2025 Hearing Under Local Rule 9013-1(f); and Authorization for Disbursement of Redemption Funds to Santander" (ECF No. 34); "Emergency Motion to Continue Hearing and Extension of Objections Period Due to Material Amended and New Party Disclosure" (ECF No. 41); "Emergency Notice of Material Evidence Pending" (ECF No. 44); and "Renewed Emergency Motion for Bifurcation and Due Process Protection" (ECF No. 46). Simply put, these pleadings are either duplicative, unnecessary, or inapplicable to the relief requested which is what is the amount Debtor must pay to redeem his car.

1

**BACKGROUND**

Debtor filed his *pro se* Chapter 7 petition with his Schedules and Statement of Affairs on February 25, 2025.[2] In his initial filings, Debtor listed in his Schedule "B" a 2017 Chevrolet Equinox ("Equinox") with 240,000 miles, described as in poor condition, with a value of $3,163.00. Debtor lists on paragraph 29 to his Schedule "B" "Family Support" a notation of Geico vehicle loss with a claim of $8,536.50. In Debtor's Schedule "C" he lists an exempt value for the Equinox of $3,163.00. Debtor lists in his Schedule "D" that Santander has a claim in the Equinox of $10,769.00. The Santander claim is bifurcated: $3,163.00 as secured and $7,606.00 as unsecured. Debtor states in his Statement of Intention he wishes to retain and redeem the Equinox.

Debtor filed his Application for Waiver of Chapter 7 Filing Fee In Forma Pauperis on February 25, 2025.[3] The Court approved Debtor's Application March 3, 2025.[4] Chapter 7 Trustee filed his Report of No Distribution on March 27, 2025.[5] Debtor received his chapter 7 discharge on May 30, 2025.[6]

Debtor filed his Amended Motion on May 5, 2025.[7] The Motion says that Debtor wishes to redeem the Equinox for $997.00 because the vehicle is in poor condition and that the Kelly Blue Book ("KBB") value states that a 2017 Chevrolet Equinox with 240,000 miles has a trade in value (in fair condition) at $997.00.[8] Debtor filed his Amended Schedules A/B, C and D on June 9, 2025.[9] In his Amended "B" Schedule, Debtor now lists the Equinox with a value of $997.00. Santander says in its Amended Response that based on Debtor's alleged loss of the vehicle due to

---

[2] (ECF No. 2).
[3] (ECF No. 3).
[4] (ECF No. 7).
[5] (ECF No. 16).
[6] (ECF No. 30).
[7] (ECF No. 27).
[8] (*Id.*).
[9] (ECF No. 33).

accident that Santander should receive any insurance proceeds which it believes (per Debtor's Schedules) to be $8,536.50.

Debtor clarified at the hearing on his Amended Motion that the reference to $8,536.450 was for any claim he would need to make to repair the vehicle under a service contract with Geico. Rather, because Debtor's 2017 Chevrolet had a blown engine and other needed repairs, Debtor maintained that the proposed redemption value of $997.00 was proper. Santander's counsel indicated that the correct value for the vehicle should be that listed in Debtor's original Schedule "B"—$3,163.00, and not the value listed of $997.0 in Debtor's Amended "B." Santander did not contest the methodology Debtor used in determining value—that is whether replacement, wholesale, or trade in value is the proper basis for redeeming a vehicle. Santander's counsel only argued that Debtor should be required to pay the scheduled value for the Equinox on the petition date, $3,163.00, and not the date of the valuation hearing.

11 U.S.C. 722 states that: "An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522." Debtor has complied with § 722 by listing the Equinox as exempt, listing it in Schedule "B," and indicating that the Equinox is for personal use.

In addition, Local Rule 6008-1 provides that:

All motions seeking redemption of property under 11 U.S.C. § 722 must be verified or accompanied by an affidavit of the debtor which discloses:
(1) the purchase price of the item(s) sought to be valued;
(2) a description of the condition of the item(s);
(3) the movant's opinion of the value of the item(s);
(4) the basis for that opinion; and
(5) the last four digits of the account number by which the creditor can identify the loan transaction.

3

While the Debtor did not provide an affidavit in support of his Amended Motion, he did state at the hearing why he believed the Equinox was only worth $997.00. The Court will find for purposes of this case, that Debtor's statements to the Court are sufficient.

Further, a KBB valuation, can be an appropriate starting point to determine replacement value pursuant to § 506(a)(2). *In re Herrera*, 454 B.R. 559, 562–63 (Bankr. E.D.N.Y. 2011) (citing *In re Penny*, 2011 WL 204888, *2–3 (Bankr.N.D.Ca.2011) (KBB appropriate starting point for valuation analysis)); *In re Morales*, 387 B.R. 36, 45 (Bankr.C.D.Ca.2008) (analyzing case law on methods of valuation under § 506(a), concluding that "value should be calculated by adjusting Kelley Blue Book or N.A.D.A. guide retail value for a *like vehicle* by a reasonable amount in light of additional evidence . . . regarding the condition of the vehicle and any other relevant factors.") (emphasis added).

As such, the Court must determine which date the Court must use in establishing redemption value under § 722. Critical to the Court's analysis is that Congress made changes to 11 U.S.C. § 506(a)(2) when Congress amended the Bankruptcy Code in 2005. Here, the Court agrees with the Bankruptcy Court for the District of New Mexico in *In re Maynes*, 598 B.R. 648 (D.N.M. 2019). In *Maynes*, the court made the following observation:

> Courts disagree whether the value of collateral should be determined pursuant to § 506(a)(2) for purposes of redemption as of the petition date or as of the date of the redemption hearing. *Compare* **In re Morales**, 387 B.R. 36 (Bankr. C.D. Cal. 2008) (concluding that § 506(a) fixes the petition date as the single, determinative valuation date such that the redemption value of personal property under § 722 must be determined as of the petition date) *with* **In re Podnar**, 307 B.R. 667, 672 (Bankr. W.D. Mo. 2003) ("[T]he appropriate date for valuing collateral is the date the motion for redemption is filed or, if the redemption is contested, the date of the hearing on redemption.") (citation omitted).

*In re Maynes*, 598 B.R. at 655.

The *Maynes* court noted that § 506(a)(2) consists of two sentences:

4

> If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

11 U.S.C. § 506(a)(2).

The *Maynes* court found one way to read the statutory language of § 506(a)(2) is that the two sentences fix different valuation dates. *Id*. The first sentence "fixes the petition date as the valuation date for personal property *not* acquired for personal, family, or household purposes, and the second sentence fixes the time of the valuation hearing as the valuation date for personal property that *is* acquired for personal, family, or household purposes." *Maynes* at 655-56 (citation omitted).

This Court agrees with *Maynes* "that the better construction of § 506(a)(2) is that it fixes the petition date as the valuation date regardless of whether the property is acquired for personal, family, or household purposes." *Id*. Further, this Court agrees with *Maynes* that "[t]his construction does not render superfluous the clause in the second sentence of § 506(a)(2), 'at the time value is determined,' because that language is used to refer back to the petition date stated in the first sentence as the time value is determined." *Id*. (citing *Morales,* 387 B.R. at 44) ("[T]his interpretation reads the clause as referring back to the petition date standard of the first sentence.")). "Further, if 'at the time value is determined' is not read to refer back to the petition date petition date standard of the first sentence, the language does not provide meaningful guidance to determine the relevant valuation date." *Maynes*, 598 B.R. at 656.

The Court agrees with the reasoning of *Morales* and *Maynes* and concludes that the appropriate time to value personal property for redemption purposes is the petition date, not the

5

date of the redemption hearing. *Maynes* at 656. The Court finds persuasive that by using the petition date as the valuation date, the creditor is protected if there is post-petition decrease in the value of its collateral when a debtor seeks to redeem personal property. *Id*. Moreover, in the rare instance of a post-petition increase in the value of personal property serving as collateral, a creditor does not reap the benefit of such increased value from a debtor at the time of redemption. *Id*.

Debtor has complained in subsequent filings with the Court that he was denied due process, is entitled to an ADA accommodation due to his spinal condition, that he was unaware that Santander used a related entity to service its car loans, and that he needs to conduct discovery to see if he has actionable claim that would support an award of sanctions against Santander. None of these assertions have merit. A debtor under § 722 may seek a redemption of personal property. Debtor was afforded that opportunity. The Court heard Debtor explain why he thought the car was only worth $997.00 at the time of the redemption hearing. Santander did not object to Debtor's methodology in his valuation of the Equinox. Further, the Court did not consider Santander's concerns about where the Equinox was located or where Debtor lived. In sum, the Court considered everything Debtor said about his redemption motion.

Debtor listed the Equinox having a value of $3,163.00 in his original Schedules B, C, and D. Debtor could have listed a value of $997.00 on his petition date based on a KBB valuation, but he did not. Moreover, the Court received no evidence that the car somehow deteriorated in value based on something other than the car's mileage of 240,000 and blown engine. Debtors control the redemption process by indicating a value and asking the Court to rule on a debtor's valuation. That is exactly what occurred here. Debtor has not been deprived of any due process, suffered any harm, and is not entitled to an ADA accommodation because Santander accepted what Debtor said the

vehicle was worth on petition date. The Court is sympathetic to Debtor's financial and physical conditions, but Debtor's arguments are unavailing.

It is therefore **ORDERED** that Debtor shall have until September 5, 2025, in which to redeem the Equinox by tendering to Santander in certified funds the amount of $3,163.00.

It is further **ORDERED** that should Debtor not tender $3,163.00 by September 5, 2025, to Santander, then Debtor must immediately turn over the Equinox to Santander at a mutually convenient location.

It is further **ORDERED** that the Clerk's Office shall serve a copy of this Order on Debtor by mail upon entry of this Order.

All other relief is **DENIED**.

# # #